**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-08815 BKT** |
| | **Chapter 7** |
| **SALUTARIS DIALYSIS & NEPHROLOGY CENTER** | |
| **Debtor** | |
| **NOEMI LANDRAU CHAPTER 7 TRUSTEE** | **Adversary No. 13-00114 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **REORGANIZATION AND BANKRUPTCY LEGAL SERVICES, P.S.C., ET ALS.** | |
| **Defendant** | **FILED & ENTERED ON 5/29/2014** |

## OPINION AND ORDER

Before this court is a motion to dismiss filed by codefendant Carlos Rodríguez Quesada ("Rodriguez Quesada") [Dkt. No. 42], an opposition to motion to dismiss and cross motion for partial summary judgment filed by the chapter 7 trustee ("Trustee" or "Plaintiff") [Dkt. No. 44], a renewed motion to dismiss filed by Rodriguez Quesada [Dkt. No. 78] and Trustee's motion to strike the renewed request for dismissal [Dkt No. 79].

Also before the court is an opposition to Trustee's cross motion for partial summary judgment filed by codefendants Nelson Robles Diaz ("Robles Diaz") and Reorganization and

Bankruptcy Legal Services ("RBLS") [Dkt. No. 56], and by Rodriguez Quesada [Dkt No. 68], and the Trustee's reply [Dkt No. 70].  Finally, there is a motion for summary judgment on all counts of the complaint filed by Robles Diaz and RBLS [Dkt No. 54], an opposition to summary judgment by the Trustee [Dkt No. 63] and reply by all codefendants [Dkt No. 81], a motion to strike the reply filed by the Trustee [Dkt No. 83] and codefendants' opposition thereto [Dkt No. 84].

For the reasons set forth below, the motions to dismiss and motions for summary judgment are denied.

**I. Background**

On June 15, 2012, Salutaris Dialysis & Nephrology Center ("Salutaris" or "Debtor") filed a voluntary chapter 11 case, Case No. 12-04675-BKT11 (the "chapter 11 case").  Debtor filed an application to employ RBLS as its legal counsel, effective as of the petition date, and including the services provided prepetition in preparation of the filing of the chapter 11 case [Dkt No. 12, Case No. 12-04675-BKT11]. The application provided, among other things, that RBLS would apply for payment of compensation and reimbursement of expenses rendered in connection with its representation, and that any compensation to be received by RBLS was subject to court's approval upon a proper application and notice thereof [Dkt No. 12, Case No. 12-04675-BKT11]. The terms of compensation agreed between Debtor and RBLS included a retainer of twenty five thousand dollars ($25,000.00) (the "retainer") [Dkt No. 12, Case No. 12-04675-BKT11]. Rodriguez Quesada and Robles Diaz are members of RBLS [Dkt No. 12, Case No. 12-04675-BKT11].

On August 1, 2012, the chapter 11 case was dismissed [Dkt No. 35, Case No. 12-04675-

BKT11]. Debtor requested reconsideration of the dismissal [Dkt No. 40, Case No. 12-04675-BKT11], which was denied on October 17, 2012 [Dkt No. 56, Case No. 12-04675-BKT11]. The case docket reveals that the application for employment of RBLS was not approved by the court. However, on October 12, 2012, RBLS filed an application for compensation [Dkt No. 53, Case No. 12-04675-BKT11] and a motion to withdraw said application [Dkt No. 54, Case No. 12-04675-BKT11]. RBLS filed a new application for compensation on October 15, 2012 [Dkt No. 55, Case No. 12-04675-BKT11]. The court did not approve RBLS' application for compensation and closed the chapter 11 case on November 20, 2012.

On October 31, 2012, Debtor filed a voluntary chapter 7 case (the "chapter 7 case"). On June 5, 2013, the Trustee filed a complaint for recovery and the turning over of the retainer as part of Debtor's estate, violation of the automatic stay and damages against RBLS, Rodriguez Quedasa and Robles Diaz as RBLS' members, their respective wives and conjugal partnerships [Dkt No. 1]. The Trustee/Plaintiff asserts that defendants failed to maintain the retainer in a separate account, as required by the rules of professional conduct. Plaintiff also asserts that, because the application to employ and the application for compensation were never approved by the court in the chapter 11 case, the Debtor is entitled to the retainer as a result of the case dismissal. It is Plaintiff's contention that the retainer was vested upon the Debtor because of the dismissal, and thus, the retainer is property of Debtor's estate. Because RBLS and/or Rodriguez Quesada and/or Robles Diaz (collectively referred to as "Defendants") are in possession of the retainer, Plaintiff pursues the turnover of the same. Plaintiff also claims that Defendants' failure to turn over the retainer constitutes a violation of the automatic stay. As such, Plaintiff demands an award of actual and punitive damages, including costs and attorney fees.

After several extensions of time, Rodriguez Quesada filed a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012(b) [Dkt. No. 42]. In the motion to dismiss, Rodriguez Quesada avers that Defendants complied with their duty to submit an application to serve as Debtor's counsel, as well as an application for compensation for the work performed as counsel from their engagement with the Debtor. Rodriguez Quesada argues that the dismissal had the effect of terminating the estate and the automatic stay of the chapter 11 case. If the chapter 11 bankruptcy estate ceased to exist, Rodriguez Quesada claims, there is no estate to return the property to. Alternatively, Rodriguez Quesada sustains that payment was earned by the Defendants when the services were rendered. Hence, Defendants claim to be entitled to the retainer upon the dismissal of the chapter 11 case. Finally, Rodriguez Quesada asserts that Plaintiff's claims for violation of the automatic stay and damages fail as there have been no acts that violate the automatic stay in the chapter 7 case.

On the other hand, Plaintiff requests partial summary judgment claiming that there is no genuine dispute as to any issue of material fact with respect to the security retainer being property of the estate [Dkt No. 44]. Plaintiff asserts that partial summary judgment is appropriate and must be granted declaring that the retainer is property of the estate, and directing the turnover of the retainer as such. In support thereof, Plaintiff asserts that the retainer in this case is a security retainer that remains as property of the client until it is applied to the services performed by the attorney and approved by the court. Plaintiff does not contest that the retainer here was earned by the Defendants for the services performed in connection with the chapter 11 case. Plaintiff's argument is grounded on the fact that the application to allow compensation of

the services rendered by Defendants was never approved.  As a result, Plaintiff argues that the retainer cannot be applied to the legal fees and expenses accrued in the chapter 11 case.  Under Plaintiff's scenario, the retainer would remain unused, and would have to be returned to the Debtor as of the dismissal of the chapter 11 case.  Because the chapter 7 case was filed within fifteen (15) days from the denial of the reconsideration of the dismissal order in the chapter 11 case, Plaintiff seeks to collect the retainer for the benefit of the chapter 7 debtor.

In their opposition to Trustee's cross motion for partial summary judgment [Dkt. No. 56] and motion for summary judgment on all counts of the complaint [Dkt No. 54], Robles Diaz and RBLS assert that the retainer no longer existed at the time of the filing of the chapter 7 case. Robles Diaz and RBLS further claim that upon dismissal of the chapter 11 case Salutaris' principals were entitled to authorize and ratify the use of the retainer by RBLS to satisfy the legal fees and expenses incurred on behalf of Salutaris.  Rodriguez Quesada also opposes the Trustee's cross motion for partial summary judgment [Dkt No. 68] claiming that upon the dismissal of the chapter 11 case, and the closing of the case, the bankruptcy estate of the chapter 11 case ceased to exist.  Moreover, upon express authorization from Salutaris' principals, Defendants were entitled to apply the retainer to the legal fees and expenses accumulated as part of the handling of the chapter 11 case.

In her opposition to summary judgment [Dkt No. 63] and reply to the oppositions to cross motion for partial summary [Dkt No. 70], the Trustee adds that the retainer, as well as the additional payments made during the course of the chapter 11 case, were paid by Debtor and not by the principals in their personal capacities, as averred by Defendants.  Finally, Defendants replied reasserting that they had no possession of the retainer as of the commencement of the

chapter 7 case [Dkt No. 81].  Thus, the retainer cannot be considered part of the chapter 7 estate. Defendants affirm that after the dismissal of the chapter 11 case, bankruptcy law cannot be used to determine the retainer's fate.

**II. Legal Analysis**

    **A.  Dismissal standard**

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Katz v. Pershing, LLC, 672 F .3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable ..." Ashcroft v. Iqbal, at 678, 129 S.Ct. 1937, 1949. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, 550 U.S. at 556, 127 S.Ct. 1955. "In practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562, 127 S.Ct. 1955 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched

as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. <u>Ocasio–Hernandez v. Fortuno–Burset</u>, 640 F.3d, at 12 (citing <u>Twombly,</u> 550 U.S. at 555, 127 S.Ct.1955) (internal citations omitted). Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, and thus must accept all well-pleaded factual allegations as true. <u>Collier v. City of Chicopee</u>, 158 F.3d 601, 602 (1st Cir.1998).

Applying the dismissal test, the court concludes that the well-pleaded facts of the complaint, if accepted as true, state a claim to relief that is plausible on its face. Plaintiff thus survives the motion to dismiss.

### B. Summary judgment standard

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. <u>In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank</u>, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed

"material" if it potentially could affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

Having set the legal standard, this Court acknowledges that Plaintiff has filed a motion to strike Defendants' reply to opposition to summary judgment [Dkt No. 83].  Plaintiff contends that Defendants are raising new arguments not included in their original motion for summary judgment and attached new documents in support thereof, referring to the "local customs" argument.  This Court finds Plaintiff's argument to have no merit because the depletion of the retainer funds was discussed by Defendants in their requests for summary judgment, albeit, not specifically referring to the local customs.  Furthermore, striking the reply would not alter this court's conclusion.

**III. Conclusion**

The court finds that the various pleadings and dispositive motions before the court show that there are genuine issues of material facts that preclude judgment as a matter of law.  The nature of the retainer is in controversy.  As per Plaintiff's own statements, there nature of the retainer will determine whether the funds can be considered part of the estate, which will, in turn, define Defendants' rights and interest over such funds.  Also in controversy is whether the retainer and additional payments made during the chapter 11 case were paid by Salutaris or its principals in their personal capacities.  And, depending on the determination of the prior controversies, the court may need to determine if there could have been a valid authorization or ratification of the use of the retainer by RBLS to satisfy the legal fees and expenses incurred on behalf of Salutaris.  An evidentiary hearing is thus required to determine the true nature of the retainer, and the resulting controversies.

WHEREFORE, IT IS ORDERED that the motions to dismiss and for summary judgment shall be, and hereby are, DENIED.  The court will hold an evidentiary hearing to entertain the

matters in controversy.

In San Juan, Puerto Rico this 29th day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge